IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAETEC COMMUNICATIONS, INC., | ) |
| | ) |
| One PAETEC Plaza | ) |
| 600 Willowbrook Office Park | ) |
| Fairport, New York 14450 | ) |
| (585)340-2500 | ) Civil Action No. |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ICG TELECOM GROUP, INC, | |
| | |
| 161 Inverness Drive West | |
| Englewood, Colorado 80112 | |
| | |
| Defendant. | |

**COMPLAINT**

Plaintiff PAETEC Communications, Inc., (hereinafter referred to as "PAETEC" or "Plaintiff PAETEC") by and through its attorney Jeffrey J. Binder, Esquire, The Watergate, 2510 Virginia Avenue, N.W., Washington, D.C. 20037, (202)965-0199, hereby files this complaint against ICG Telecom Group, Inc. (hereinafter referred to as "ICG"). In support of its Complaint, PAETEC states as follows:

**PARTIES**

1.   Plaintiff PAETEC is a corporation organized under the laws of the State of Delaware with its principal place of business located at One PaeTec Plaza, 600 Willowbrook Office Park, Fairport, New York. PAETEC is engaged in the business of providing telecommunications services in, among other places, the District of Columbia.

2. Defendant ICG is a Colorado corporation with headquarters located at 161 Inverness Drive West, Englewood, Colorado 80112 and with its principle place of business in the state of Colorado.

**JURISDICTION AND VENUE**

3. This court has diversity jurisdiction over the claims herein pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states; and this court has subject matter jurisdiction herein pursuant to 28 U.S.C.§§ 1331 and 1337 because it arises out of federal law, the Communications Act of 1934, 47 U.S.C. § 151 et seq.,.

4. This court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367.

5. This court has personal jurisdiction over ICG because ICG is authorized by the Public Service Commission of the District of Columbia to provide telecommunications services in the District of Columbia. ICG filed a petition for such authorization from the Public Service Commission of the District of Columbia. ICG purposefully availed itself of the privilege of conducting business activities in the District of Columbia. ICG is engaged in continuous and systematic business within the District of Columbia. ICG also has a registered agent within the District of Columbia. ICG's conduct in connection with the District of Columbia required it reasonably to anticipate that it would be subject to the jurisdiction of the District of Columbia courts.

6. ICG is also authorized to provide telecommunications services in all, or almost all of, the 50 states. ICG offers a range of resold and facilities based services, including service over a fiber-optic network with numerous points of presence nationwide, including coverage of over 4000 rate centers. ICG's service offerings include local and long distance telecommunications services, data services, information services, and other communications solutions. ICG's services primarily offered to medium to large-sized business, internet service providers, interexchange carriers, and other telecommunications carriers.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as more fully described in paragraph 5 above.

**FACTS COMMON TO ALL CLAIMS**

8. PAETEC is engaged in the business of providing, *inter alia*, telecommunications services. These services include, but are not limited to interstate and intrastate exchange access and exchange services.

9. At all times relevant to this action, ICG was engaged in providing telecommunications services which included the purchase from PAETEC and use of, *inter alia,* exchange access services.

10. In or about 2000 to in or about 2005, PAETEC provided various telecommunications services, including but not limited to interstate, intrastate and local telecommunications to ICG pursuant to, *inter alia,* various agreements and the applicable tariffs.

11. PAETEC invoiced ICG monthly for such services purchased by ICG.

12. PAETEC's charges for the services were in compliance with all applicable tariffs and agreements.

13. However, despite receiving notice of its delinquency, ICG failed to pay the amounts owing.

14. Pursuant to the terms of the agreements and applicable tariffs, ICG is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the agreement. In addition, ICG is responsible pursuant to the agreement and applicable tariffs to pay 1.5% per month late fees on amounts due.

15. PAETEC reserves the right to amend its claims to include any additional charges that may be owed by ICG and such attorneys' fees, costs, expenses and interest as may be allowed by law.

## COUNT I

### Breach of Contract

16. The allegations set forth in paragraphs 1 through 15 above are incorporated herein by reference.

17. ICG has received telecommunications services, including but not limited to exchange access services, from PAETEC pursuant to various contracts and has not paid for such services.

18. As a direct and proximate result of ICG's breach of the contracts, PAETEC has suffered significant monetary damages in the amount of at least one hundred twelve thousand and seventy-eight dollars ($112,078).

WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against ICG for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just or proper.

## COUNT II

**Alternative Claim for Breach of Contracts/Tariffs**

19. The allegations set forth in paragraphs 1 through 18 above are incorporated herein by reference.

20. PAETEC filed various tariffs with the Federal Communications Commission and the Public Service Commission of the District of Columbia and other state commissions including, but not limited to, California, Florida, Illinois, Massachusetts, New York and New Jersey("tariffs").

21. The tariffs describe the rates and services offered by PAETEC to their customers and contain rules, regulations and

rates pursuant to which such telecommunications services are rendered.

22. In accepting the telecommunications services provided by PAETEC, including but not limited to exchange access services, ICG undertook and assumed an obligation to make all payments due to PaeTec in accordance with the terms of the tariffs.

23. Because ICG has failed to pay for services provided to it by PaeTec, ICG is in breach of the tariffs.

24. As a direct and proximate result of ICG's breach of these agreements and the tariffs, PAETEC has suffered significant monetary damages exceeding one hundred twelve thousand and seventy-eight dollars ($112,078).

25. Pursuant to the terms of the agreement and applicable tariffs, ICG is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the agreement.

   WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC and against ICG for damages, plus an award of attorneys' fees, costs, expenses and

prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

**COUNT III**

**Alternative Claim for Quantum Meruit**

26. The allegations set forth in paragraphs 1 through 25 above are incorporated herein by reference.

27. In the event that it is determined that no agreement existed in fact or at law between PAETEC and ICG, then, in the alternative, it is averred that PAETEC, at ICG's request, and with ICG's knowledge, acquiescence and acceptance, provided to ICG the services described above.

28. In the course of providing such services, PAETEC necessarily incurred various costs, charges, labor, use of its equipment and facilities and expenses.

29. ICG has refused, despite demand, to pay the fair value for the services furnished, although payment is past due.

   WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC and against ICG for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

## COUNT IV

### Alternative Claim for Unjust Enrichment

30. The allegations set forth in paragraphs 1 through 29 above are incorporated herein by reference.

31. ICG obtained from PAETEC the above-described telecommunications services. ICG received benefit therefrom and failed to make PAETEC proper payment or restitution to PAETEC for the services and benefits received.

32. ICG has been unjustly enriched at the expense of PAETEC.

33. ICG's actions constitute an unjust retention of a benefit owed to PAETEC, which is contrary to the principles of equity and justice.

WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC and against ICG for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

Respectfully submitted

Jeffrey J. Binder, Esq.
D.C. Bar #475821
The Watergate
2510 Virginia Avenue, NW
Washington, D.C.  20037
(202)965-0199
j.j.binder@verizon.net

Attorney for PaeTec Communications, Inc.

Dated this 26th day of July, 2005